IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COREY ESTES,

        Petitioner,

v.                                          Civil Action No. 5:10CV111
                                                (Criminal Action No. 5:05CR13)
UNITED STATES OF AMERICA,                         (STAMP)

        Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION THAT PETITIONER'S
28 U.S.C. § 2255 PETITION BE DENIED**

The pro se[1] petitioner, Corey Estes, filed a motion to vacate, set aside, or correct his sentence. Thereafter United States Magistrate Judge James E. Seibert entered a report and recommendation denying the petitioner's motion. The petitioner has not filed objections.

I. Background

On August 18, 2005, the petitioner entered a plea agreement wherein he pled guilty to conspiracy to distribute more than 50 grams of cocaine base and five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The plea agreement stipulated that the petitioner's total drug relevant conduct was 1.5 kilograms of cocaine base and that he waived his right to appeal and to collaterally attack his sentence. The petitioner

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

entered his plea of guilty pursuant to this plea agreement on August 22, 2005 before the undersigned judge.

Petitioner was sentenced to 262 months imprisonment. Petitioner filed a § 2255 motion claiming, among other things, ineffective assistance of counsel because counsel failed to file an appeal. This Court granted petitioner's motion only as to the issue of ineffective assistance of counsel for failure to file an appeal, vacated his judgment and reentered it, and thus reinstated the petitioner's appellate rights.

As a result of this Court's granting of the petitioner's § 2255 motion regarding direct appeal, the petitioner filed a notice of appeal of his conviction and sentence to the United States Court of Appeals for the Fourth Circuit. On appeal, the petitioner questioned whether this Court correctly complied with Rule 11 in accepting his guilty plea. The Fourth Circuit denied the petitioner's appeal, finding that this Court had complied with Rule 11. The petitioner did not file a petition for writ of certiorari.

Petitioner, through appointed counsel, filed a motion for reduced sentence pursuant to 18 U.S.C. § 3582(c). This Court granted the petitioner's motion reducing his sentence from 262 months to 210 months.

The petitioner then filed this federal habeas motion pursuant to 28 U.S.C. § 2255, arguing the legality of his detention because

(1) he is actually innocent, (2) he is entitled to sentencing relief under the Fair Sentencing Act of 2010, and (3) his counsel was ineffective in negotiating his plea agreement.  The government responded and contends that (1) the petitioner knowingly and willfully waived his right to collaterally attack his conviction; (2) there was more than sufficient evidence to convict the petitioner, thus he has no claim to actual innocence; (3) the Fair Sentencing Act of 2010 was not made retroactive; and (4) petitioner's counsel was not ineffective.  The petitioner's reply reiterated his claims from his petition.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation. Magistrate Judge Seibert issued a report and recommendation recommending that petitioner's § 2255 motion be denied and dismissed.  In his report and recommendation, the magistrate judge informed the petitioner of his right to object to the recommendations therein within fourteen days after being served with a copy of the report and recommendation.  The petitioner filed a motion for an extension of time in which to file written objections.  The petitioner's motion for an extension of time was granted by this Court and the petitioner was directed to file

written objections by September 29, 2011. The petitioner did not file objections.[2]

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In his § 2255 motion, petitioner claims that he is actually innocent of the underlying conviction, is entitled to a reduction in his sentence under the Fair Sentencing Act, and received ineffective assistance during the negotiations for his plea agreement.

As to the petitioner's first two claims of actual innocence and relief under the Fair Sentencing Act of 2010, the magistrate judge found that he waived these claims during the plea hearing held by this Court. 5:05CR13-01, ECF No. 233 *15, 19. During the petitioner's plea hearing, this Court read paragraph 11 of the petitioner's plea agreement, containing the waiver of his appellate rights. After this Court read that paragraph, the petitioner

---

[2]This Court notes that in the petitioner's corresponding criminal action, 5:05CR13-01, this Court entered an order reducing the petitioner's sentence of imprisonment from 210 months to 168 months under 18 U.S.C. 3582(c)(2) for retroactive application of the sentencing guidelines to his crack cocaine offense. ECF No. 371.

answered in the affirmative that he understood the waiver of his appellate and post-conviction relief rights. "A waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994). Further, whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. Based on this standard and the facts underlying the plea agreement, this Court agrees with the magistrate judge that the petitioner's claim of actual innocence was waived under his plea agreement and pursuant to his acknowledgment of that waiver during his plea hearing.

Petitioner's final contention, that his counsel was ineffective during the plea agreement negotiations, was not waived pursuant to the plea agreement. The magistrate judge found, however, that the petitioner knowingly and voluntarily entered into his plea agreement because he was made fully aware of the consequences of his plea and the petitioner has been unable to produce evidence to suggest that his plea was induced by his counsel misadvising him.

"Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient

awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). "A voluntary and intelligent plea of guilty by an accused person who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984). "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney General of State of Md., 956 F.2d 1290, 1299 (4th Cir. 1992); see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity").

During the petitioner's plea hearing, this Court gave a detailed description of the plea agreement and addressed the petitioner throughout the description. 5:05CR13-01, ECF No. 233 *13. Petitioner affirmatively responded when periodically asked if he understood the terms and provisions that this Court was reviewing. Id. The petitioner further represented that he understood the consequences of pleading guilty, including forfeiting his constitutional right to trial by jury. Id. at 20-22. The petitioner had several opportunities to challenge the plea agreement at the plea hearing, but failed to do so. Finally, the petitioner was asked if he was pleased with counsel's performance up to the plea hearing, to which the petitioner stated that counsel had effectively represented him. Id. at 32.

The petitioner has not produced any evidence contrary to his statements and averments at his plea hearing and would not meet the clear and convincing evidence standard required of him. Thus, this Court finds that the magistrate judge's report was not clearly erroneous or contrary to law as to the petitioner's claim of ineffective assistance of counsel.

For the reasons stated above, this Court adopts the magistrate judge's findings.

## IV. Conclusion

Accordingly, after a review for clear error, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety. The petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is DENIED. It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 16, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE